# IN THE COURT OF APPEALS OF IOWA

No. 19-0627
Filed July 22, 2020

**KENYATTA HARLSTON SR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

Kenyatta Harlston appeals the district court's dismissal of his second application for postconviction relief. **AFFIRMED.**

Joey T. Hoover of Hoover Law Firm P.L.L.C., Epworth, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., Ahlers, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MAHAN, Senior Judge.**

Kenyatta Harlston appeals the district court's dismissal of his second application for postconviction relief (PCR). Upon our review, we affirm.

In 2008, following a jury trial, Harlston was convicted of second-degree murder. The facts underlying Harlston's charge and conviction were set forth in *State v. Harlston*, No. 08-1908, 2010 WL 624843, at *1 (Iowa Ct. App. Feb. 24, 2010) (*Harlston I*) (affirming Harlston's conviction on direct appeal), and reiterated in *Harlston v. State*, No. 15-2190, 2016 WL 7395755, at *1 (Iowa Ct. App. Dec. 21, 2016) (*Harlston II*) (affirming the denial of Harlston's first PCR application). To briefly summarize:

> Early on August 25, 2007, a racially charged skirmish occurred in Dubuque, Iowa, involving Harlston, his friends, and Nic Blackburn and his friends. The specifics of the fight are disputed, including how many individuals were involved on both sides, who was the initial aggressor, and what provoked the incident. During the fight, Blackburn was fatally stabbed in the heart. Police officers responded to the scene, but many of the participants, including Harlston and his friends, had fled. Police arrived at the apartment where Harlston and his friends were located, asked Harlston if they could enter, and Harlston refused them entry. Harlston and his friends then voluntarily accompanied the officers to the police station, where he was charged with murder.

*Harlston II*, 2016 WL 7395755, at *1.

Harlston filed this PCR application in August 2017, raising a claim with regard to Iowa's "new 'stand-your-ground' statue [sic]."[1] The State filed a motion for summary judgment, arguing the new legislation "has absolutely no bearing on the conviction from 2007" and noting that Harlston previously raised a self-defense claim in *Harlston II*, which was rejected by the court. Harlston later filed amended

---

[1] Harlston subsequently withdrew, then reasserted, this claim.

applications raising additional claims regarding the lack of "disparity of African Americans" on the jury, whether he received a fair trial due to his race, and alleged newly discovered evidence. Harlston further claimed trial counsel was ineffective in not advising him to testify at trial. The State filed a motion for summary disposition, contending Harlston's claims were barred by the three-year statute of limitations in Iowa Code section 822.3 (2017) and issue preclusion. Harlston resisted the motion.

Following a hearing, the court found that "modifications of Iowa Code chapter 704 apply prospectively, as opposed to retroactively." The court determined Harlston's other claims were time barred, that Harlston had failed to show there was newly discovered evidence, and dismissed his application.

On appeal, Harlston claims his "current PCR counsel was ineffective for failing to raise [the claim that] prior PCR counsel was ineffective for not raising issues raised in this PCR."[2] Harlston further argues his application was excepted from the section 822.3 limitations period pursuant to *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) (holding the filing of a second PCR petition—alleging ineffective assistance of first PCR counsel—relates back to the date of the original

---

[2] Harlston does not allege prior PCR counsel was ineffective in failing to raise all the claims alleged in his application and amended applications in this proceeding; rather, he focuses on the following claims: (a) "The previous PCR counsel was ineffective for not claiming the Trial Counsel was ineffective for not ensuring a fair cross section of the community within the Jury Pool"; (b) "The previous PCR counsel was ineffective for not claiming the Trial Counsel was ineffective for failing to impeach Witness Gallagher for using racial epitaphs"; (c) "The previous PCR counsel was ineffective for not claiming the Trial Counsel was ineffective for not having the defendant evaluated for competency"; and (d) "The previous PCR counsel was ineffective for not claiming the Trial Counsel was ineffective for not ensuring that Witness Buchanan was offered a plea in return for his favorable testimony."

petition if "filed promptly" after the first PCR action").[3]  However, Harlston filed his second PCR application more than six months after the conclusion of his first PCR action,[4] and "this court has already concluded six months 'does not fit the definition of prompt' for purposes of the *Allison* decision."  *Demery v. State*, No. 19-1465, 2020 WL 1887955, at *2 (Iowa Ct. App. Apr. 15, 2020) (quoting *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019)).  Upon our review, we find no error in the court's ruling denying Harlston's claims,[5] and we affirm.  *See* Iowa Ct. R. 21.26(1)(b), (d), and (e).

In a pro se brief,[6] Harlston raises claims relating to trial counsel's handling of the jury-panel assembly, alleging counsel "failed to preserve his motion for mistrial on both jury selections," "totally abandoned the dismissal of the first jury,"

---

[3] We observe recent legislation, effective July 1, 2019, apparently abrogates *Allison* by amending section 822.3 to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."  2019 Iowa Acts ch. 140.  In light of our conclusion on Harlston's *Allison* claim, we need not address whether the amendment is retroactive.

[4] Procedendo issued in *Harlston II* on February 27, 2017.  Harlston filed this PCR action on August 2, 2017.

[5] "Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law."  *Allison*, 914 N.W.2d at 870.  "But when a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo."  *Id.*

[6] Pursuant to recent legislation, "An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court.  The court shall not consider, and opposing counsel shall not respond to, such pro se filings."  Iowa Code § 814.6A(1) (2019).  The State asks us to "find Iowa Code section 814.6A prohibits consideration of Harlston's pro se brief."  This court has declined to apply the provision to appeals, such as this one, pending before July 1, 2019, the effective date of the legislation.  *See State v. Krone*, No. 18-0130, 2020 WL 821935, at *4 (Iowa Ct. App. Feb. 19, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019); *State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App Nov. 6, 2019).

and "did not request nor examin [sic] any juror with respect to racial prejudice."
Harlston also claims counsel was "ineffective for failing to present a 'self-defense.'"
Insofar as these claims are different from those discussed above, Harlston did not
raise them before the PCR court; accordingly, they are not preserved. *See Meier
v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of
appellate review that issues must ordinarily be both raised and decided by the
district court before we will decide them on appeal."). Harlston also claims
"[a]ppellate and PCR counsels were ineffective for failing to assert the
ineffectiveness of trial counsel's failure to adequately investigate and conduct a
reasonable investigation." Specifically, he argues, "The record is strong, that trial
counsel failed to prepare for a defense or self-defense." The issue of self-defense
was addressed, and rejected, in *Harlston II*. *See* 2016 WL 7395755, at *2
("[T]estimony regarding the fight, and any factors which may have given rise to a
reasonable belief force was necessary to defend himself, would have been useful
in Harlston's defense. However, Harlston previously told counsel he could not
remember his thought process leading up to the stabbing nor the actual stabbing.
An eyewitness called by the State testified Harlston had run up to the victim,
stabbed him, and ran away. Harlston would have been unable to counter this
testimony effectively as he had no memory of the events leading up to the
stabbing.").

We affirm the denial of Harlston's application for postconviction relief.

**AFFIRMED.**